940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Everett Lamont CARR, Petitioner-Appellant,
v.
R. Michael CODY, Warden, Respondent-Appellee.
 No. 91-6062.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. Petitioner Everett L. Carr's motion for a right to proceed without payment of fees and for a certificate of probable cause is granted.
 
 
 2
 Petitioner appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Petitioner was convicted in Oklahoma state court, pursuant to a guilty plea, of attempted robbery with firearms and shooting with intent to kill. He now asserts that his constitutional rights were violated because he was convicted, in essence, twice for the same offense. He asserts that the shooting was a part of the robbery. He also alleges that his guilty pleas were not voluntarily entered.
 
 
 3
 We have examined the record and the authorities that petitioner relies on, and we AFFIRM the district court's denial of the petition for substantially the reasons set forth in the district court's memorandum opinion entered January 29, 1991.[1]
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This disposition moots the need to consider petitioner's "Writ of Habeas Corpus for Immediate Relief by Reasons of Default & Denial of Due Process" filed directly with this court on July 19, 1991, based upon the erroneous assumption that petitioner is entitled to judgment unless respondent filed a response to petitioner's appellate brief. The respondent filed notice with this court that he would not file a response brief, in which event he is entitled to rely upon the district court's disposition and the filings in that court, but may not be heard in oral argument except by permission of the court. See Fed.R.App.P. 31(c)